**WO**

IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF ARIZONA

| | |
|---|---|
| David N. Evers,<br><br>                Plaintiff,<br><br>vs.<br><br>Safety-Kleen Systems, Inc., a Wisconsin corporation,<br><br>                Defendant. | No. CV 10-02556-PHX-NVW<br><br>**ORDER** |

Before the Court is "Plaintiff's Cross-Motion for Partial Summary Judgment on Count Two" (Doc. 48). For the reasons stated below, Plaintiff's motion will be denied.

**I.     BACKGROUND**

      **A.     The First Summary Judgment Motion**

A previous order summarized most of the relevant disputed and undisputed facts. (Doc. 39.) For purposes of this motion, it suffices to say that Plaintiff David Evers believes he was let go from his job with Defendant Safety-Kleen Systems because he had complained about an allegedly retroactive and unlawful change in Safety-Kleen's compensation schedule, which deprived him of certain earned compensation. Evers therefore brought an anti-whistleblowing cause of action (Count One) and an unpaid wages cause of action (Count Two), both under Arizona law.

Safety-Kleen moved for summary judgment on both counts. The Court granted summary judgment on the anti-whistleblowing cause of action, but denied summary judgment on the unpaid wages cause of action. As to that cause of action, Safety-Kleen

had argued that no retroactive compensation change had occurred because the 2009 compensation plan — the plan under which Evers claims additional compensation — declares itself effective "beginning Period 1, 2009." "But," this Court explained,

> the 2009 plan nowhere contains an expiration date, nor has Safety-Kleen offered any evidence that it revises its compensation plans every year. Under such circumstances, a reasonable jury must conclude that Evers had a reasonable expectation to be paid under the 2009 plan until told otherwise.
>
> . . . It is undisputed that the 2010 plan was not announced until near the end of January 2010. Safety-Kleen has nowhere argued that the 2010 plan actually had been promulgated on or before December 28, 2009 but Evers somehow missed the memo. Thus, until Evers learned of the 2010 plan in late January 2010, he had no basis for any expectation *other than* being paid under the 2009 plan.
>
> * * *
>
> Summary judgment for Safety-Kleen is not appropriate. On this record, summary judgment for Evers would have been appropriate had Evers cross-moved. But absent such a cross-motion, the Court may not enter summary judgment in Evers' favor.

(Doc. 39 at 11 (emphasis in original).)

### B. The Current Summary Judgment Motion

Given the foregoing, Evers moved for and received leave to file a motion for summary judgment on his unpaid wages cause of action. Evers' motion seeks to establish that his unpaid wages amounted to $900.

In response, Safety-Kleen offers two arguments. First, Safety-Kleen provides declarations from two previously disclosed witnesses (Brian Harvey and Les Bell), both of whom assert that Safety-Kleen issues a new compensation plan every year. Safety-Kleen therefore argues that Evers could have no expectation of continuing under the 2009

plan in 2010. Evers does not dispute the facts asserted by Harvey and Bell, but does dispute the conclusions drawn.

Second, Safety-Kleen provides a declaration from a previously undisclosed witness, Danny Graham, who claims to "have been personally involved in the design and implementation of branch compensation plans at [Safety-Kleen] every year since 2000." (Doc. 51-1 at 9 ¶ 1.) Graham also claims that Safety-Kleen issues a new compensation plan every year. Graham further claims — based on previously undisclosed documents and other information — that if Safety-Kleen owes money to Evers under the 2009 plan, it amounts to $243.13, not $900.

## II.     EVERS' MOTION TO STRIKE

Fact discovery closed on November 11, 2011. (Doc. 20 ¶ 4.) Evers, through his reply in support of summary judgment, has therefore moved under Rule 37 to strike Graham's declaration and supporting exhibits, and any argument based on them.

According to Rule 37,

> If a party fails to provide information or identify a witness as required by Rule 26(a) or (e), the party is not allowed to use that information or witness to supply evidence on a motion, at a hearing, or at a trial, unless the failure was substantially justified or is harmless.

Fed. R. Civ. P. 37(c)(1). In this case, Safety-Kleen's late disclosure was not substantially justified. Safety-Kleen has nowhere objected that Evers previously failed to disclose a claim for $900 in lost wages, or that Evers previously failed to disclose the arithmetic leading to that calculation. Both failures, if they happened, would have been clear violations of Rules 26(a)(1)(A)(iii) and 26(e)(1), thus subjecting Evers' damages evidence to a Rule 37(c) motion. But Safety-Kleen has made no such motion. Rather, Safety-Kleen's only objection is that Evers' calculation is inaccurate. Thus, Safety-Kleen has no substantial justification for waiting until now to disclose the witnesses and documents necessary to dispute Evers' calculation.

In addition, Safety-Kleen's late disclosure is not harmless. Evers should, in fairness, receive an opportunity to conduct further discovery regarding Safety-Kleen's damages calculation, but discovery has been closed for more than eight months. Reopening discovery would delay adjudication of Evers' rights on account of Safety-Kleen's late disclosure. That is not harmless. Accordingly, Rule 37 prohibits this Court from considering the Graham declaration and its accompanying exhibits, nor may Safety-Kleen rely on them going forward.

## III. EVERS' SUMMARY JUDGMENT MOTION

In Arizona, both negotiated agreements and boilerplate agreements may be interpreted in light of "prior understandings, subsequent conduct and the like." *Darner Motor Sales, Inc. v. Universal Underwriters Ins. Co.*, 140 Ariz. 383, 393, 682 P.2d 388, 398 (Ariz. 1984). Course of performance, in particular, can inform the meaning of the contract. *See*, *e.g.*, *Johnson v. Cavan*, 152 Ariz. 452, 454–55, 733 P.2d 649, 651–52 (Ct. App. 1986) (course of performance with respect to the scope of lease was relevant when interpreting the lease); *see also* Restatement (Second) of Contracts § 214(c) (1981) ("[a]greements and negotiations prior to or contemporaneous with the adoption of a writing are admissible in evidence to establish * * * the meaning of the writing").

In light of these principles, Safety-Kleen has raised a genuine issue regarding the meaning of the 2009 plan. Although the plan contains only a beginning date, and not an end date, Safety-Kleen has submitted competent evidence that it changed its compensation plans every year. Safety-Kleen has raised a genuine dispute regarding the interpretation of the 2009 plan and the parties' respective expectations under it. Accordingly, summary judgment is not appropriate.

IT IS THEREFORE ORDERED that "Plaintiff's Cross-Motion for Partial Summary Judgment on Count Two" (Doc. 48) is DENIED.

Dated this 12th day of July, 2012.

Neil V. Wake
United States District Judge